### P. H. BOOTH v. JAMES W. GRANT.

#### *Fraudulent Assignments.*

Where, instead of two years, the deed of assignment provided that the maker thereof should remain on the premises for twelve months, and was, in other material respects, the same as in *Booth* v. *Carstarphen, supra: Held,* such deed raised a strong presumption that it was in fraud of creditors, and, nothing to the contrary appearing, the Court should have declared it void.

This was a CIVIL ACTION, heard before *Boykin, J.,* at Chambers, in Halifax, 1890, of Superior Court, upon a case agreed.

The plaintiff appealed.

The material facts are set out in *Booth* v. *Carstarphen* and in the opinion of the Court.

*Mr. J. M. Mullen,* for plaintiff.
*Messrs. T. W. Mason, W. H. Day* and *R. B Peebles,* for defendants.

MERRIMON, C. J.: This case is, in all material respects, like that of *Booth* v. *Carstarphen, ante.*

The time within which the trust could not be closed was twelve months, but we do not think this fact makes any material difference. It is clear, from the provisions of the deed and the facts admitted, that the purpose and effect—certainly in contemplation of law—were to hinder and delay the creditors not provided for in the deed, and to provide for the convenience and substantial advantage of the debtor, to their prejudice. There was no evidence to rebut the presumption of fraud in the deed of trust.

There is, therefore, error. The judgment must be reversed, and judgment entered for the plaintiff, declaring the deed in question void, and that he have possession of the land. To that end let this opinion be certified to the Superior Court.

Error.